# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Haverstick,         :
        Petitioner      :
                    :   No. 1214 C.D. 2020
     v.              :   Argued: December 13, 2021
                    :
Pennsylvania State Police,   :
        Respondent   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: April 12, 2022

Matthew Haverstick (Requester) petitions for review of the October 28, 2020 final determination of the Office of Open Records (OOR), which dismissed his appeal from the disclosure of records that the Pennsylvania State Police (PSP) made during the pendency of another appeal to the OOR in the related case of *Haverstick v. Pennsylvania State Police*,__A.3d___(Pa. Cmwlth., No. 1042 C.D. 2020, filed April 12, 2022) (unreported) (*Haverstick I*), on principles of *res judicata*.[1]

In *Haverstick I*, this Court set forth the underlying factual and procedural history of this case and we incorporate it here through reference. With respect to this appeal, Requester raises three issues for our review: (1) "Under [s]ection 1101(a)(1) of the [RTKL], when a government agency belatedly produces redacted records [(the

---

[1] *Haverstick I* was argued seriately with the instant appeal.

Records)], is it appropriate for the OOR to issue a determination as to those belatedly produced [R]ecords before the [R]equester's 15-day statutory appeal deadline has lapsed"; (2) "Under [s]ection 1101(a)(1) of the [Right-to-Know Law (RTKL)[2]], is it appropriate for the OOR to dismiss an appeal and declare [the] [R]ecords 'fully adjudicated' even though the appeal was timely filed before the 15-day statutory appeal deadline had lapsed"; and (3) "Under [s]ection 708 of the [RTKL], is 'non-responsiveness an appropriate basis to redact [the] responsive [R]ecords." (Requester's Br. at 7.)

The three issues that Requester raises were directly disposed of in *Haverstick I*. In that case, we concluded, with respect to the first and second issues, that "Requester, once having filed an appeal from the PSP's initial denial of the request, did not possess a right under the RTKL or the case law to file an additional and separate appeal with the OOR to contest the Records that the PSP later granted him during the pendency of the original appeal before the OOR." *Haverstick I*, slip op. at 7. Nonetheless, this Court determined that Requester had no meaningful opportunity to object to the Records, because the PSP disclosed them on the date the record closed before the OOR; the OOR erred in dismissing any appeal as to the Records as moot; and, thus, Requester was entitled to challenge the redactions that the PSP made to the Records on grounds of "non-responsiveness." Regarding the third issue, we concluded that "non-responsiveness" was not an appropriate legal basis to redact the Records and remanded to the OOR with specific direction to enter an order compelling the PSP to provide Requester with the Records within a reasonable timeframe.

Accordingly, because our decision in *Haverstick I* has completely resolved all the issues presented in this appeal, affording Requester all the relief he

---

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

desires, and the Court is no longer capable of granting any further, meaningful relief, we dismiss this appeal as moot. *See In re Gross*, 382 A.2d 116, 125 (Pa. 1978) (stating that a case is moot when, for the court, it becomes "impossible to grant relief" because "no actual controversy exists," and thus, there is no reason for "deciding the issue involved").

PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Haverstick,          :
          Petitioner        :
                             :   No. 1214 C.D. 2020
          v.               :
                             :
Pennsylvania State Police,    :
          Respondent     :

## ***ORDER***

AND NOW, this 12ᵗʰ day of April, 2022, the petition for review of the October 28, 2020 final determination of the Office of Open Records, filed by Matthew Haverstick, is DISMISSED as moot.

_____
PATRICIA A. McCULLOUGH, Judge
